1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

Andy Charles Bodie,                         )        No. CV-12-02269-PHX-FJM (SPL)
                                            )
9                                           )
                                            )
10              Petitioner,                 )        **REPORT AND RECOMMENDATION**
                                            )
11     vs.                                  )
                                            )
12                                          )
       Charles L. Ryan, et al.,             )
13                                          )
                                            )
14              Respondents.                )
                                            )
15     _____     )

16   TO THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE:

17          Petitioner Andy Charles Bodie, who is confined in the Arizona State Prison

18   Complex - Eyman, Meadows Unit, in Florence, Arizona, has filed a *pro se* Amended

19   Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 5). For the

20   reasons that follow, the Court recommends that the petition be denied and dismissed.

21                                    **BACKGROUND**

22          On April 14, 2005, Petitioner was indicted by a grand jury in the Pinal County

23   Superior Court ("Superior Court"), Case No. CR 2005-00661, charging him with one

24   count (Count I) of attempted child molestation, in violation of A.R.S. §§ 13-1410, 13-

25   1001, and one count (Count II) of sexual conduct with a minor, in violation of A.R.S. §

26   13-1405. (Doc. 22-1, Exh. A.) Pursuant to a plea agreement, on March 13, 2006,

27   Petitioner pled guilty to two counts of attempted child molestation, each subject to

28

enhanced punishment under A.R.S. § 13-604.01,[1] as a dangerous crime against children. (Doc. 22-1, Exh. B.) On May 9, 2006, the Superior Court sentenced Petitioner to a 5-year term of imprisonment for the first amended count of attempted child molestation. As to the second amended count, the Superior Court suspended imposition of sentence and placed Petitioner on a consecutive term of lifetime probation. As a condition of probation, the Superior Court imposed a term of six months in jail, against which Petitioner's presentence incarceration was credited. (Doc. 22-1, Exh. G.)

On April 6, 2009, Petitioner filed a Writ of Habeas Corpus (Doc. 22-1, Exh. H) in the Superior Court, which was treated as a Notice of Post-Conviction Relief (Doc. 22-1, Exh. I). Counsel was appointed to represent Petitioner (Doc. 22-1, Exh. J), and filed a Petition for Post-Conviction Relief on October 19, 2009 (Doc. 22-1, Exh. K). The petition raised one ground for relief, that Petitioner was entitled to resentencing pursuant to *State v. Gonzales*, 162 P.3d 650 (Ariz. Ct. App. 2007). The Superior Court denied relief on January 20, 2010, finding that the petition was untimely, and that *Gonzales* was not a significant change of law that applied to the circumstances of his case. (Doc. 22-1, Exh. M.) Petitioner did not seek review of the Superior Court's decision. (Doc. 5 at 5.)

On February 5, 2010, Petitioner was released from incarceration, and began his term of lifetime probation. On August 25, 2010, a petition to revoke his probation was filed in the Superior Court, alleging fifteen different violations. (Doc. 22-1, Exh. N.) On January 27, 2011, Petitioner entered an admission to a violation of Special Condition No. 4 of his probation (Doc. 22-1, Exh. P), to "[n]ot go to or loiter near school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18 without permission of [his] probation officer. (Doc. 22-1 at , Exh. E). The Superior Court revoked the term of probation for the second count of attempted molestation on February 24, 2011, and sentenced him to term of eight years of incarceration. (Doc. 22-1, Exh. R.)

On April 15, 2009, Petitioner filed a Notice of Post-Conviction Relief in the Superior Court (Doc. 22-2, Exh. S) and counsel was appointed to represent him (Doc. 22-

---

[1]     Renumbered as A.R.S. § 13–705, Laws 2008, Ch. 97, § 1, Ch. 195, § 1.

2, Exh. T). Upon review of the record, counsel filed a notice to the Superior Court that she found no issues upon which to base a claim for relief, and requested an extension of time for Petitioner to file a pro se Petition for Post-Conviction Relief. (Doc. 22-2, Exh. U.) Thereafter, Petitioner filed several motions requesting copies of portions of the record of his original conviction, including a request for transcripts (Doc. 22-2, Exh. W, X, Z), which were denied. In its denial dated October 26, 2011, the Superior Court noted that the post-conviction relief "proceeding [was] only directed to the issue of the admission of a violation of probation and the subsequent sentence. Any issues as to the original change of plea and sentencing [were] precluded. There [was] not, therefore, an[y] need for the transcripts of those proceedings to be provided." (Doc. 22-2, Exh. BB.) Petitioner filed a Pro Per Petition for Post-Conviction Relief on November 25, 2011 (Doc. 22-2, Exh. EE), and a reply in support of that petition on January 23, 2012 (Doc. 22-2, Exh. HH). On January 27, 2012, the Superior Court issued an order dismissing Petitioner's post-conviction relief petition;

> Petitioner's position appears to be that since the counts resulted from a single act, the court could not sentence him to a consecutive sentence once he had served his initial five year sentence. As [the] indictment alleges two separate and distinct acts, the argument is spurious[.] Having reviewed the pro per petition, the State's response and the Petitioner's reply, the Court finds no colorable grounds for post-conviction relief.

(Doc. 22-2 at 70, Exh. II.)

Following the denial of a request for rehearing, Petitioner filed a Petition for Review in the Arizona Court of Appeals on July 6, 2012. (Doc. 22-3, Exh. M.) Petitioner raised three grounds for relief:

> [1)]Did the trial court err as a matter of law in holding defendant did not raise a colorable claim; 2) [did the trial err when it] decided defendant should not be provided record(s)/transcripts of the case me[a]nt to aid in preparations to raise any number of other potential grounds/claims for relief connection with this cause number [*sic*]; and 3) did the trial court dress well its decision denying post conviction relief.

3

(Doc. 22-3 at 4, Exh. MM.) In a memorandum decision filed on October 19, 2012, the Arizona Court of Appeals granted review, but denied relief. (Doc. 22-3, Exh. NN); *State v. Bodie,* 2012 WL 5187590 (Ariz. Ct. App. 2012). The Arizona Court of Appeals reasoned, in relevant part:

> ¶ 5 On review, Bodie essentially argues the trial court ignored his argument that it lacked authority to impose the eight-year sentence and erred in denying his motions to expand the record to include certain documents and transcripts relating to his original plea agreement and sentencing. Bodie mentions double jeopardy and "disparate or single criminal acts" in his petition for review, but he does not adequately develop an argument that the court's conclusion that his sentence did not violate § 13–116 was an abuse of discretion, and any such argument is therefore waived. *See* Ariz. R. Crim. P. 32.9(c)(1) (petition for review shall contain "[t] he reasons why the petition should be granted" and "specific references to the record"); *State v. Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995).

> ¶ 6 Although the trial court did not specifically address Bodie's rather confusing argument about its lack of authority to impose an eight-year sentence after he violated the conditions of his probation, we find no abuse of discretion. *Cf. State v. Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984) (appellate court will affirm trial court's ruling if result legally correct for any reason). Section 13–901(C), A.R.S., provides that if "the defendant commits an additional offense or violates a condition," the court "may revoke probation in accordance with the rules of criminal procedure at any time before the expiration or termination of the period of probation." And, "when probation is revoked," "[a] term of imprisonment authorized" under the sentencing statutes may- be be imposed. A.R.S. § 13–603(E). Thus, the court was authorized to impose any sentence provided by law for a class three, dangerous crime against children, including the eight-year sentence it imposed. *See* A.R.S. §§ 13–705, 13–1001, 13–1410.

> ¶ 7 Furthermore, in signing the form outlining his conditions of probation, Bodie acknowledged that if he violated those conditions his probation could be revoked and the court could "impose sentence upon [him] in accordance with the law." To the extent he now argues he was not adequately advised at his original sentencing that violating his probation could result in the imposition of a prison term or argues his sentence was unlawful, we agree with the trial court that any such claim is precluded. *See* Ariz. R.Crim. P. 32.2(a)(3). For that reason, we also cannot say the court abused its discretion in denying Bodie's various motions for transcripts and documents relating to the earlier proceedings. Therefore, although we grant the petition for review, relief is denied.

*Bodie,* 2012 WL 5187590, at *1-2. Petitioner did not seek review by the Arizona Supreme Court. (Doc. 5 at 5.)

On October 23, 2012, Petitioner timely filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), and the instant Amended Petition (Doc. 5) on October 25, 2012. Respondents filed a Limited Answer (Doc. 22). No reply has been filed, and the time to do so has expired.

## DISCUSSION

In the petition, Petitioner raises four grounds for relief:

> **GROUND ONE:** The sentencing court of 2011 has no jurisdictional basis to have given Petitioner eight (8) years (in revoking probation) wherein the sentencing court of 2006 has not suspended sentence of eight (8) years in whole or in part at the 2006 sentencing proceeding, in violation of the 4th, 5th and 14th amendment of the United States Constitution.

> **GROUND TWO:** Petitioner was denied due process after asking for specific case related records to prepare his supplemental petition for post conviction relief, in violation of the 5th, 6th and 14th amendment of the United States Constitution.

> **GROUND THREE:** Petitioner was denied effective assistance of counsel at critical stages of a number of proceedings in violation of the 5th, 6th and 14th amendment of the United States Constitution.

> **GROUND FOUR:** Petitioner is being subjected to double jeopardy principles to in receiving the eight (8) years imprisonment penalty (after Petitioner did five (5) years) is rooted in the probable exact same criminal offense, in violation of the 5th and 14th amendment of the United States Constitution. Or no eight (8) sentence was ordered in 2006 as a suspended sentence for the intent and purpose of probation, in violation of the 5th and 14th amendment.

(Doc. 5 at 6-9.) In their answer, Respondents argue that Petitioner failed to exhaust his claims and they are procedurally barred from review. Alternatively, they argue that Petitioner's claims fail on the merits. For the reasons that follow, the Court finds that Petitioner's claims are procedurally barred from review, and will recommend that the amended petition be denied.

## I. Standard for Habeas Relief

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2] 28 U.S.C. § 2244. Under AEDPA, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless it:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). It follows that, "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 784 (2011).

A federal court may not grant habeas relief under AEDPA if the petitioner has failed to exhaust his claim(s) in state court. 28 U.S.C. § 2254(b)(1) & (c)*; see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). "[A] petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

First, a petitioner must present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan*, 526 U.S. at 848. A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "[C]laims

---

[2] The AEDPA applies only to those cases that were filed after its effective date, April 24, 1996. *See Lindh v.* Murphy, 521 U.S. 320, 326-27 (1997).

of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them" either on direct appeal or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Second, if a petitioner fails to invoke the required procedure, exhaustion is not satisfied even if the petitioner raises the claim through an alternative procedure. *See e.g., Roettgen,* 33 F.3d at 38 (holding that petitioner failed to exhaust state remedies when he presented claim in the state habeas petition instead of Arizona Rule 32 post-conviction proceeding).

In addition to presenting a claim in the proper forum and vehicle, to satisfy the exhaustion requirement, "a petitioner must 'present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief.'" *Gulbrandson v. Ryan*, 711 F.3d 1026, 1041 (9th Cir. 2013) (quoting *Scott v. Schriro*, 567 F.3d 573, 582-83 (9th Cir. 2009). *See also Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir. 1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc).  In presenting the factual basis of a claim, a petitioner need not present "every piece of evidence supporting his federal claims," but must "provide the state court with the operative facts, that is, all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies." *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (internal quotation marks and citation omitted); *Baldwin v. Reese,* 541 U.S. 27, 28 (2004). In presenting the legal basis of a claim, a petitioner must alert the state court to the fact that he is asserting a federal claim and cite to the specific constitutional guarantee upon which he bases his claim in federal court. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001); *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000) ("Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law") *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (finding "a general appeal to a constitutional guarantee,"

such as a naked reference to "due process," or to a "constitutional error" or a "fair trial" is insufficient); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (finding a mere reference to the "Constitution of the United States" does not preserve a federal claim).

If a petitioner fails to fairly and fully present his federal claim in state court, and returning to state court would be "futile" because the state courts' procedural rules would bar consideration of the claim, the claim is procedurally defaulted and is barred from federal review. *Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). *See State v. Mata*, 916 P.2d 1035, 1048-53 (Ariz. 1996); Ariz. R. Crim. P. 32.2(a) & (b); 32.1(a)(3) (post-conviction review is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time-barred. *Beaty*, 303 F.3d at 987; *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)). This type of procedural default is known as "technical" exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

A claim may also be procedurally defaulted and barred from federal review if it was actually raised in state court, but found by that court to be defaulted on an adequate and independent state procedural ground, such as waiver or preclusion. *Beard v. Kindler*, 558 U.S. 53 (2009); *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991). Arizona courts have been consistent in their application of procedural default rules. *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (holding that Ariz. R. Crim. P. 32.2(a) is an adequate and independent procedural bar); *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) ("Arizona Rule of Criminal Procedure 32.2(a)(3) is independent of federal law and has been regularly and consistently applied, so it is adequate to bar federal review of a claim."); *Cook v. Schriro*, 538 F.3d 1000, 1026 (9th Cir. 2008).

A procedurally defaulted claim may not be barred from federal review "if the petitioner can demonstrate either (1) 'cause for the default and actual prejudice as a result of the alleged violation of federal law,' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Jones*, 691 F.3d at 1101 (quoting *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546). *See also Boyd v. Thompson*, 147 F.3d 1124, 1126-27 (9th Cir. 1998) (the cause and prejudice standard applies to *pro se* petitioners as well as to those represented by counsel). To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Cook*, 538 F.3d at 1027 (quoting *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). "Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1996). Where a petitioner fails to establish either cause or prejudice, the court need not reach the other requirement. *See Hiivala v. Wood*, 195 F.3d 1098, 1105 n.6 (9th Cir. 1999); *Cook*, 538 F.3d at 1028 fn. 13.

Lastly, "[t]o qualify for the 'fundamental miscarriage of justice' exception to the procedural default rule" a petitioner "must show that a constitutional violation has 'probably resulted' in the conviction when he was 'actually innocent' of the offense." *Cook*, 538 F.3d at 1028 (quoting *Murray*, 477 U.S. at 496). *See Schlup v. Delo*, 513 U.S. 298, 329 (1995) (petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324.

## II.    Petitioner's Claims

### A.    Exhaustion and Procedural Default

In Ground One, Petitioner alleges a violation of his Fourth, Fifth, and Fourteenth Amendment rights. He essentially argues that the Superior Court unlawfully sentenced him to an 8-year term of imprisonment following the revocation of his probation, because he had not been originally sentenced to such suspended term. In Ground Two, Petitioner alleges his Fifth, Sixth, and Fourteenth Amendment rights were violated by the Superior's Court denial of his request for records during post-conviction relief proceedings. In Ground Three, Petitioner alleges ineffective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments. In Ground Four, Petitioner alleges a violation of his Fifth and Fourteenth Amendment rights against double jeopardy based on the imposition of an 8-year term of imprisonment following the revocation of his probation.

Petitioner failed to fairly and fully present his federal habeas claims to the state court. Although the factual basis of the claims presented in state court bare similarity to the instant claims, Petitioner did not present the constitutional basis for those claims. Therefore, Petitioner did not sufficiently give the state courts a "fair opportunity" to decide them. *Cook*, 538 F.3d at 1029 (citing *Peterson v. Lampert*, 319 F.3d 1153, 1159 (en banc) (9th Cir. 2003)). "'[M]ere similarity' between [the] state claim presented in state court and the federal claim made in th[is] habeas petition does not suffice to avoid procedural default." *Peterson*, 319 F.3d at 1159-60 (citing *Hiivala,* 195 F.3d at 1106 (9th Cir. 1999)); *see also Beaty*, 303 F.3d at 989-90. Further, while Petitioner made brief and general references to "due process" and "double jeopardy" in his *pro per* petition and reply (*see* Doc. 22-2 at 52, 63), he did not cite specific constitutional provisions nor identified the related factual basis. A petitioner does not exhaust state remedies by generally appealing to a broad constitutional provision alone. *See Gray*, 518 U.S. at 163 (citing *Anderson v. Harless*, 459 U.S. 4, 7 (1982) (per curiam)); *Shumway*, 223 F.3d at 987.

Lastly, while Petitioner cited *Strickland* in his reply supporting his state *pro per* petition (*see* Doc. 22-2 at 65), he did not present any specific narrative for his claim of ineffective assistance of counsel. *See Gulbrandson*, 711 F.3d at 1041 ("a petitioner must 'present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief'") (quoting *Scott v. Schriro*, 567 F.3d 573, 582-83 (9th Cir. 2009)). Petitioner did not provide the state court with the facts necessary to give application to that constitutional principle, and therefore did not exhaust that claim. *See Davis*, 511 F.3d at 1009.

A return to state court to present Petitioner's claims would be futile under Arizona's procedural rules. The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure, and Petitioner has not shown that any of the exceptions under Rule 32.1 apply to him. *See* Ariz. R. Crim. P. 32.2(b). Therefore, because a return to state court would be futile, Petitioner's claims are technically exhausted and procedurally defaulted.

### B.      Procedural Bar

Petitioner's procedurally defaulted claims are barred from review. He has not filed a reply and does not offer any reason to excuse his failure to present his federal habeas claims to state court. Because Petitioner did not exhaust his ineffective assistance of counsel claim in his initial-review collateral proceeding, the Court specifically reviews the record *sua sponte* to determine whether cause exists to excuse the default of that claim under *Martinez*. For the reasons that follow, the Court concludes it does not.

### (1)      *Martinez* Standard of Review

A petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that errors of counsel during post-conviction proceedings do not serve as a basis to excuse a procedural default. *Coleman*, 501 U.S. at 752. However, *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309 (2012) established a limited exception to this rule. *Martinez* held

that "[i]nadequate assistance of counsel [or lack of counsel] at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315.[3] Under *Martinez*, "cause" to excuse a Petitioner's procedural default may be found where:

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, __ U.S. __, 133 S.Ct. 1911, 1918 (2013) (quoting *Martinez*, 132 S.Ct. at 1318–19, 1320–21) (alterations in original).

Under the first prong of *Martinez*, a petitioner must bring forward facts demonstrating that his underlying ineffective assistance of counsel claim is substantial. Thus, to determine whether a claim is substantial requires the Court to examine the claim under *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must show: (1) deficient performance, in that counsel's representation fell below an objective standard of reasonableness; and (2) prejudice, in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-88. The underlying ineffective assistance of counsel claim is "substantial" where it "has some merit." *Martinez*, 132 S.Ct. at 1318 (citing the standard for certificates of appealability from *Miller–El v. Cockrell*, 537 U.S. 322 (2003)). Thus, the question under the first prong is whether the *Strickland* claim would be "debatable amongst jurists of reason" or the issues presented are "adequate to deserve encouragement to proceed further." *Miller–El*, 537 U.S. at 336 (internal quotation marks omitted). Inversely, a claim is insubstantial if "it does not have any merit or... is wholly

---

[3]     In *Nguyen v. Curry*, 736 F.3d 1287, 1293 (9th Cir. 2013), the Ninth Circuit Court of Appeals extended *Martinez* to also apply to underlying claims of ineffective assistance of appellate counsel.

without factual support." *Martinez*, 132 S.Ct. at 1319.

Under the second prong of *Martinez,* a petitioner must show either that he had no counsel on initial post-conviction review, or that post-conviction review counsel was "ineffective under the standards of *Strickland*." 132 S.Ct. at 1318; *see Trevino,* 133 S.Ct. at 1918; *Clabourne v. Ryan,* 745 F.3d 362 (9th Cir. 2014).   Under *Strickland*, post-conviction review counsel "is not necessarily ineffective for failing to raise even a nonfrivolous claim." *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012). Therefore, even if a petitioner shows that his claims are substantial under the first *Martinez* prong, he must also show that "but for post-conviction counsel's failure to raise [the underlying substantial] claims, there is a reasonable probability that the result of the post-conviction proceeding would have been different." *Clabourne,* 745 F.3d at 378.

In some circumstances, the inquiry under the two prongs may be identical. *Clabourne,* 745 F.3d at 381, fnt. 6 ("Under the circumstances of this case, if [the petitioner] succeeds in demonstrating that he was prejudiced by the failure of his post-conviction counsel, he will necessarily have established that there is at least 'some merit' to his claim that he suffered ineffective assistance of trial counsel."). Consequently, the Court may address either prong first, and the resolution of one may obviate the need to address the other. *See Martinez*, 132 S.Ct. at 1319 ("When faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, *i.e.,* it does not have any merit or that it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards.").

### (2)   Analysis of Petitioner's Claims

The Court finds that Petitioner's ineffective assistance of counsel claims are insubstantial, and therefore do not establish cause for Petitioner's procedural default.

> The two-part test for demonstrating ineffective assistance of counsel, set forth in *Strickland v. Washington*, 466 U.S. 688 (1984), is also "applicable to ineffective-assistance claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). We must first ask

whether "counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Counsel must have "wide latitude ... in making tactical decisions," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* In the context of that presumption, we "must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690.

Second, if counsel's performance were deficient, we assess prejudice. Prejudice "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (footnote omitted).

*Hedlund v. Ryan*, __F.3d __, 2014 WL 1622765, *13 (9th Cir. April 24, 2014).

Petitioner first argues that the performance of defense counsel in his 2006 proceedings was unconstitutionally ineffective.[4] Petitioner essentially contends that counsel was ineffective for failing to raise a double jeopardy defense as to the second amended count for attempted child molestation which resulted in lifetime probation. *See Witte v. United States,* 515 U.S. 389, 395-96 (1995) (the guarantee against double jeopardy protects against: (1) a second prosecution for the same offense after acquittal or conviction; and (2) multiple punishments for the same offense). Although Petitioner asserts that "he did fall quick to admit some wrong doing resulting in a five (5) year prison sentence for Count I on the amended indictment" (Doc. 5 at 8), he suggests there was no independent basis for his plea to the second amended count.

Here, Petitioner's claim is plainly undermined by his plea colloquy, which reflects that he pled to two separate incidents. *See Hill*, 474 U.S. at 59. ("where the alleged error

---

[4]   The AEDPA imposes a one-year statute of limitations for seeking federal habeas relief from a state conviction. 28 U.S.C. § 2244(d)(1). The statute of limitations with regard to Petitioner's 2006 convictions expired in 2010, and therefore the petition is not timely as to the issue of counsel's performance during the original proceedings. Nonetheless, because Respondents did not raise the issue of timeliness, the Court will address those claims.

of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.").

> THE COURT: Do you understand between November 5, 2004, and November 21, 2004, on two separate occasions you had contact with [victim's] vagina?
>
> DEFENDANT BODIE: Yes, sir.
>
> THE COURT: You touched her in that area; is that correct?
>
> DEFENDANT BODIE: Yes.

(Doc. 22-3 at 76, Exh. OO.) The indictment likewise reflects that Petitioner was charged with two separate and distinct acts. (Doc. 22-1 at 3, Exh. A.)

Petitioner next argues that 2006 counsel was ineffective because he did not adequately explain the terms of his plea, specifically, the consequences of suspending the imposition of sentence. This claim is also without factual support in the record. Nothing in the record persuades that counsel's performance was deficient or that but for counsel's performance, the outcome would have been different.

When Petitioner signed the conditions of his probation, he acknowledged that "a violation of any of the conditions could result in the revocation of [his] probation and the court may impose sentence upon [him] in accordance with the law." (Doc. 22-1 at 24, Exh. E.) Petitioner's plea agreement provides that "[i]f probation is violated, the Defendant may be sentenced for up to the maximum fine and the maximum term of imprisonment allowed for each offense to which a plea is here by entered." (Doc. 22-1 at 6, Exh. B.) The addendum to the plea agreement showed that for attempted molestation of a child, a class three, dangerous crime against children, he could be sentenced from 5 to 15 years of incarceration. (Doc. 22-1 at 9, Exh. B.) Petitioner affirmed at the time of his plea that he had read the entire plea agreement, discussed the entire agreement with counsel, and understood the agreement. (Doc. 22-3 at 70, Exh. OO.) Those "statements at the plea colloquy carry a strong presumption of truth." *Muth v. Fondren*, 676 F.3d 815,

821 (9th Cir. 2012).[5] Petitioner did not request additional time to discuss his plea with counsel, nor is there any indication that he was coerced into entering the plea. Petitioner has not filed a reply, and advances nothing to suggest that the plea colloquy is unreliable. Further, at the time of the plea colloquy, the Superior Court inquired whether Petitioner understood that a violation of probation would result in a term of imprisonment "anywhere from five to 15 years," to which he affirmatively responded.  (Doc. 22-3 at 72, Exh. OO.) *See Gonzalez v. United States*, 33 F.3d 1047, 1051–52 (9th Cir. 1994) (an attorney's alleged failure to advise a defendant of rights is not prejudicial when the court covered those allegedly omitted topics during the change-of-plea colloquy itself). The record also does not demonstrate that different actions by counsel would likely have resulted in a different or more advantageous outcome. Nothing suggests that there is a reasonable probability that had counsel explained the charges or consequences of the plea in a different manner, Petitioner would not have pled guilty and would have insisted on going to trial.

Lastly, Petitioner argues that the performance of counsel during the 2011 revocation proceedings was unconstitutionally ineffective. He argues that, following revocation of probation, counsel was ineffective because he failed to challenge the Superior Court's authority to impose a term of imprisonment that had not been originally imposed and suspended. This claim also lacks merit. Petitioner fails to identify a valid basis upon which counsel could have contested the Superior Court's sentencing authority, and therefore does not show counsel's performance was either deficient or prejudicial.

Here, the Superior Court was not required to impose a suspended 8-year term in

---

[5]       *See also Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant [at a plea hearing]… constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ( "Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea."); *United States v. Morrison*, 113 F.3d 1020, 1021 (9th Cir. 1997) ("Any attempt to contradict the factual basis of a valid plea must fail."); *United States v. Anderson*, 993 F.2d 1435, 1438 (9th Cir. 1993) ("Statements made by a criminal defendant contemporaneously with his plea should be accorded great weight because solemn declarations made in open court carry a strong presumption of verity." (internal quotation marks and brackets omitted)).

order to sentence him to that term following revocation of probation. Under Arizona Law, "[i]f a person is convicted of an offense, the court… may suspend the *imposition or execution* of sentence and grant such person a period of probation... The sentence is tentative to the extent that it may be altered or revoked… but for all other purposes it is a final judgment of conviction. A.R.S. § 13-603(B) (emphasis added). In 2006, the Superior Court suspended the *imposition* of sentence, rather than the execution of a sentence imposed. Although the Superior Court ordered Petitioner to be incarcerated in jail for 180 days, that term was not a "sentence to confinement" but rather a condition of probation established at time it suspended the imposition of sentence. *See* A.R.S. § 13-901(F); *Pickett v. Boykin*, 576 P.2d 120 (Ariz. 1978) (probation with condition of jail time is not sentence). Therefore, because the Superior Court suspended the *imposition* of sentence, following probation revocation, it could *impose any* sentence provided by law for a class three, dangerous crime against children, including the eight-year sentence Petitioner received. *See* A.R.S. § 13–901(C) (if a defendant violates a condition of probation, the court "may revoke probation in accordance with the rules of criminal procedure at any time before the expiration or termination of the period of probation"); A.R.S. § 13–603(E) (following the revocation of probation, the court may impose "[a] term of imprisonment authorized" under the sentencing statutes); A.R.S. §§ 13–705, 13–1001, 13–1410.

Further, punishment imposed upon revocation of probation is not a second punishment for the original crime. *See United States v. Paskow*, 11 F.3d 873, 881 (9th Cir. 1993) ("Revocation of parole is not a punishment for a new offense, although the conduct on which revocation is based may be punished separately. For revocation purposes, the conduct simply triggers the execution of the conditions of the original sentence."); *United States v. Woods*, 127 F.3d 990, 992 (11th Cir. 1997) ("revocation of probation constitutes a modification of the terms of the original sentence and implicates solely the punishment initially imposed for the offense conduct underlying that sentence."); *United States v. Soto-Olivas*, 44 F.3d 788, 791-92 (9th Cir. 1995); *see also*

*Johnson v. United States*, 529 U.S. 694, 700-01 (2000) ("We . . . attribute post revocation penalties to the original conviction.")

The Court finds that Petitioner's ineffective assistance of counsel claims are insubstantial, and therefore do not establish cause for the procedural default of the claims. Petitioner also does not demonstrate that failure to review the merits of his claims would result in a fundamental miscarriage of justice. While Petitioner maintains that the 8-year sentence he received is unjust, he does not allege that he is factually innocent of the underlying crime. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (actual innocence in "means factual innocence, not mere legal insufficiency). Accordingly, Petitioner's claims are procedurally barred from review.

### CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011)*; Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010). Based on the above analysis, the Court finds that Petitioner's claims are procedurally barred from review. The Court will therefore recommend that the Amended Petition for Writ of Habeas Corpus (Doc. 5) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation

within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 1st day of May, 2014.

Honorable Steven P. Logan
United States Magistrate Judge